No. 04-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 94N

ROBERTA J. EMETT and KATHLEEN E. MERRETT,

Plaintiffs and Respondents,

v.

U.S. BANCORP PIPER JAFFRAY, INC.,
PIPER JAFFRAY, INC., THOMAS J.
O'NEILL, and ROBERT ENGLISH,

Defendants and Appellants.

APPEAL FROM:    The District Court of the Second Judicial District,
                In and For the County of Silver Bow, Cause No. DV 2002-29,
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Stanley Kaleczyc and Brand G. Boyar, Browning, Kaleczyc, Berry
                & Hoven, Helena, Montana

                John S. Lutz, Fairfield & Woods, Denver, Colorado

                Robert J. Phillips and John F. Haffey, Phillips & Bohyer,
                Missoula, Montana

        For Respondent:

                Donald Robinson and Lisa Levert, Poore, Roth & Robinson,
                Butte, Montana

                                Submitted on Briefs:  March 23, 2005
                                        Decided:  April 19, 2005

Filed:

        _____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 U.S. Bancorp Piper Jaffray Inc., Piper Jaffray, Inc., and Robert English (Piper) appeal from the District Court's denial of their motion to compel arbitration of the claims filed by Plaintiffs Roberta J. Emett and Kathleen E. Merrett, who are the Respondents herein. We affirm.

¶3 This case is one of 23 actions filed by customers of Piper which allege mismanagement of their accounts in the corporation's Butte office. This action involves a Co-Owner Account Agreement signed in 1992 by Mrs. Merrett and Mrs. Emett, Mrs. Merrett's daughter, and a PAT Plus Account agreement later signed by Mrs. Merrett, which contained an arbitration provision identical to the provision which was the subject of this Court's holding in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, 326 Mont. 103, 107 P.3d 465. That case held that the arbitration clause granted Piper broad discretion over an investor's holdings and created a fiduciary duty thereby, obligating Piper to advise the investor of the provision. Because Piper did not do so, the arbitration clause was unenforceable. *Willems*, ¶ 28.

2

¶4    The District Court denied Piper's motion to compel arbitration on several grounds, the first being Piper's failure to produce properly authenticated evidence of the pre-dispute arbitration agreement executed by the Plaintiffs. Piper objected to this exclusion of the agreement, but the District Court also entered conclusions of law and an order premised on admission of the asserted arbitration agreement. On appeal, Piper challenges the District Court's order on all grounds, including its denial of the agreement's admission into evidence. Respondents do not contest Piper's evidentiary argument on appeal, instead answering its arguments on the substantive issues. We conclude it is appropriate to resolve this matter on the same grounds we did in *Willems*.

¶5    The same holding as in *Willems* is required by the factual record here. The uncontroverted evidence is that the Plaintiffs were not advised of the arbitration agreement or its meaning. Indeed, the District Court found that the broker engaged in a pattern of conduct, including "flattery" and "professed romantic interest," which constituted "attempts to distract [the Plaintiffs'] attention away from the details of the accounts." Therefore, in light of *Willems*, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Plaintiffs, that it breached that duty, and that, consequently, the pre-dispute arbitration provisions offered by Piper are unenforceable.

¶6    Affirmed.

/S/ JIM RICE

3

We Concur:

/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON